**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14–cv–03294–MSK–KMT

MARIBEL MENDOZA,

    Plaintiff,

v.

TRANSFIRST, LLC, a Delaware limited liability company,

    Defendant.

---

**~~PROPOSED~~ SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND
APPEARANCES OF COUNSEL AND PRO SE PARTIES**

A scheduling conference was held on March 26, 2015 at 9:45 a.m. Appearing for the parties were:

    a.    **Plaintiff:** Sara A. Green, Bachus & Schanker, LLC, 1899 Wynkoop Street, Suite 700, Denver, Colorado 80202; (303) 893-9800.

    b.    **Defendant:** Kathleen E Craigmile, Bennington Johnson Biermann & Craigmile, LLC, 370 17th Street, Suite 3500, Denver, Colorado 80202, (303) 629-5200.

**2. STATEMENT OF JURISDICTION**

Plaintiff asserts subject matter jurisdiction under the Family and Medical Leave Act, 29 U. S.C. §§ 2611-2654; and Titles I and V of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, volume 42 of the United States Code, beginning at section 12101.  Defendant does not dispute that this Court has subject matter jurisdiction over Plaintiff's statutory claims pursuant to 28 U.S.C § 1331 and supplemental jurisdiction

over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.  **Plaintiff:** Plaintiff brings this action as a result of Defendant's discrimination against her on the basis of disability, as a result of its retaliation against her in violation of Title VII, 42 U.S.C.§2000e, and as a result of its interference and retaliation of Plaintiff utilizing FMLA.

Plaintiff was employed with TransFirst, LLC as a Tech Support II when she became seriously ill in March 2013. During April and May 2013, Plaintiff started experiencing physical difficulties (due to her diagnosis of cancer) and went to the ER. She was scheduled for an emergency appointment with a doctor. Plaintiff told her supervisor Eric Grabowski about her appointment and asked for time off. Grabowski told her that her request for time off for an emergency could not be accommodated. Due to the urgency of the situation Plaintiff was required to ask Merchant Support Director Elizabeth Martinez for the time off. Martinez allowed her the time off. In May 2013, Plaintiff was approved for FMLA. She returned to work on June 10, 2013, and began to be retaliated against for her FMLA leave. Plaintiff was written up for her attendance and quality scores (which per policy she had met).  The notice also stated that Plaintiff was not meeting the quality standard on calls. Plaintiff was on FMLA leave and was not taking any calls in order to be evaluated. Plaintiff was terminated two days after she returned from FMLA.

b.  **Defendant:**  Defendant TransFirst, LLC ("TransFirst" or the "Company") did not violate Plaintiff's rights under the ADA, the FMLA or Colorado law.

Plaintiff worked for fifteen months as a customer service agent in TransFirst's

2

credit-card payment processing call center. Plaintiff's employment was terminated in June 2013 because: (i) she had multiple unexcused tardies/absences throughout her employment, including after she received two written warnings regarding unacceptable attendance; (ii) she had consistently substandard quality scores after repeated notification of quality issues and attempts over many months to improve her quality scores through coaching; and (iii) after being advised by the Company's Executive Director of Operations, Ms. Martinez, that involuntary termination was imminent, Plaintiff failed to advise Ms. Martinez whether she intended to commit to immediately improve her quality and attendance or exit the Company. The decision to terminate Plaintiff's employment was made prior to the time Plaintiff took FMLA leave for surgery in May 2013. Consistent with Company practice (and contrary to Plaintiff's suggestion of FMLA retaliation or interference), once Plaintiff advised that she was seeking FMLA leave, she was permitted to take that leave as directed by her physician, and the termination decision was communicated to Plaintiff after the physician returned her to work without any restriction.

During the time TransFirst employed Plaintiff, it had no knowledge that Plaintiff had cancer or any disability within the meaning of the ADA, and its decision to terminate Plaintiff's employment had nothing to do with any health issue or the exercise of any right under the FMLA. To the extent Plaintiff does or did have cancer, TransFirst had no information about that until January 2014 (seven months after Plaintiff left the Company), when it received correspondence from her attorney first raising potential claims and demanding payment to resolve them.

Plaintiff's federal statutory claims and claim for extreme and outrageous conduct fail as a matter of law and for the additional reasons set forth in the Company's Answer.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff began work with Defendant on January 23, 2012.

2. During her employment with Defendant, Plaintiff worked in Defendant's merchant services call center located in Broomfield, Colorado.

3. Plaintiff was on FMLA leave from May 21, 2013 until June 9, 2013.

4. Plaintiff was returned to work by her physician on June 10, 2013 with no restrictions.

5. Plaintiff's employment was terminated on June 12, 2013.

### 5. COMPUTATION OF DAMAGES

a. **Plaintiff:**

Plaintiff seeks to recover damages as follows:

Economic damages including the following elements: back pay (Plaintiff was out of work from June 12, 2014 to February 3, 2015) front pay and benefits, lost insurance premiums, and health care costs. Plaintiff currently makes $13.52/hr and does not receive health benefits. Plaintiff was making approximately $32,000 a year plus benefits of 15-20% or $6,400.00.

Plaintiff will seek noneconomic damages in the same amount for humiliation, severe emotional pain, inconvenience, and mental anguish.

Plaintiff will seek punitive damages in accordance with the statutory caps.

Plaintiff will also seek to recover attorney fees, costs, interest and expert fees. These amounts are unknown at the present time.

This method for calculating damages has been provided by Plaintiff's counsel in order to comply in good faith with the Court's instructions and Fed.R.Civ.P. 26(a)(l). Plaintiff anticipates that discovery, and documents from the Defendant, will provide a more precise measure of all damages.

    b.    **Defendant:**

Defendant TransFirst denies that Plaintiff has incurred any compensable damages. To the extent Plaintiff has suffered any economic damages they would be reduced by income she has earned from replacement employment and by any failure to reasonably mitigate damages alleged. Plaintiff's request for punitive damages is barred because TransFirst at all times made a good faith effort to comply with anti-discrimination laws.

TransFirst makes no claim for damages; however, it asserts that aspects of Plaintiff's claims are frivolous and groundless, thus entitling it to recovery of its attorney fees in addition to costs incurred in having to defend the action.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.    Date of Rule 26(f) Meeting: March 5, 2015.

    b.    Names of each participant and party he/she represented: Sara A. Green represented Plaintiff. Kathleen E. Craigmile represented the Defendant.

    c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made: March 20, 2015.

    d.    Proposed changes, if any, in timing or requirement of disclosures under Federal Rule of Civil Procedure 26(a)(1): None.

    e.    Statement concerning any agreements to conduct informal discovery: None.

    f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of unified exhibit numbering system: The parties agree to a unified exhibit numbering system for depositions.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: The parties do not anticipate having extensive electronic discovery in this case. The parties expect that production of e-mails and other electronic documents in .pdf, .tif, or hard-copy form will be sufficient and agree to confer in the event that those formats are insufficient.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties certify that, as required by Federal Rule of Civil Procedure 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution.

## 7. CONSENT

All parties have NOT consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the Federal Rules: The parties propose a limit of seven depositions per side including depositions of experts.
25 Interrogatories per side

b. Limitations which any party wishes to propose on the length of depositions: Each deposition shall be limited to one day of seven hours, as provided for in Federal Rule of Civil Procedure 30(d)(1).

c. Limitations which any party proposes on number of requests for production of documents or requests for admissions: Each side shall be limited to 25 requests for production and 25 requests for admission.

d. Other Planning or Discovery Orders: The parties will enter into a stipulated protective order regarding confidential information.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: May 26, 2015.

b. Discovery Cut-off: September 28, 2015.

c. Dispositive Motion Deadline: October 26, 2015.

d. Expert Witness Disclosure:

1. Plaintiff may retain a labor economist for the purpose of calculating damages. Defendant may retain any experts necessary to rebut disclosed testimony of Plaintiff's experts, if any, or such other experts as it determines may be appropriate upon review of Plaintiff's medical records.

2. The parties shall be limited to two experts per side, including rebuttal experts.

3. The parties shall designate all experts, and provide opposing counsel with all information specified in Federal Rule of Civil Procedure 26(a)(2) on or before July 24, 2015.

4. The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Federal Rule of Civil Procedure (a)(2) on or before August 25, 2015.

e. Identification of Persons to be Deposed:

| **Name of Deponent** | **Expected length of Deposition** |
|---|---|
| Plaintiff | Seven hours |
| 30(b)(6) Designee | Seven hours |
| Plaintiff's Medical Provider(s) | Two to four hours each |
| TBD | |
| TBD | |

g. Deadline for Requests for Production of Documents and Requests for Admissions: ~~August 26, 2015.~~   33 days prior to discovery cutoff

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____

_____

8

b.   A final pretrial conference will be held in this case on  To be set by Chief Judge Krieger at ___ o' clock ___ .m.  A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: The parties disagree on the number of depositions per side as described in § 8(a).

b.   Anticipated length of trial and whether trial is to the court or jury: Four days to a jury.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(d) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this  26th day of  March , 2015.

BY THE COURT:

s/Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

*s/ Sara A. Green*
Sara A. Green
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
(303) 893-9800

*s/ Kathleen E. Craigmile*
Kathleen E. Craigmile
Bennington Johnson Biermann & Craigmile, LLC
370 17th Street, Suite 3500
Denver, CO 80202
(303) 629-5200
kec@benningtonjohnson.com